UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19CR203 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSHUA JOYNER, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Joshua Joyner's Motion to Revoke the Detention Order

Pending Sentencing.  (Doc. 22).  For the following reasons, the Court **DENIES** Defendant's

Motion.

## I. BACKGROUND

On April 2, 2019, a Grand Jury indicted Defendant with one count of Felon in Possession

of Firearm and Ammunition, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Doc. 1).

Authorities arrested Defendant on September 4, 2019.  On December 5, 2019, Defendant pleaded

guilty to the Indictment with a Plea Agreement.  (*See* Doc. 14).  A Sentencing Hearing has been

set for August 11, 2020.

On April 23, 2020, Defendant filed his Motion asking for release prior to Sentencing.

(Doc. 22).  The Government responded on April 27, 2020 asking the Court to deny Defendant's

Motion.  (Doc. 23).

## II. LAW & ANALYSIS

Generally, a person found guilty of an offense must be detained while awaiting the imposition of a sentence.  *See* 18 U.S.C. § 3143(a)(1).  Two exceptions exist.  The first applies when the applicable Sentencing Guidelines do not recommend a term of imprisonment.  *Id.*  The second applies when a judge finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released…"  *Id.*  Section 3143 "presumes dangerousness and the criminal defendant must overcome this presumption."  *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).

Here, Defendant has not overcome the presumption of dangerousness.  Defendant pleaded guilty to the Indictment.  By doing so, he faces a statutory maximum of ten years imprisonment.  Therefore, the Court must detain Defendant unless an exception applies.  For the following reasons, Defendant cannot show any applicable exception.

As highlighted by the Final Presentence Report (Doc. 19, *sealed*), Defendant faces a minimum Sentencing Guideline range of 37 to 46 months imprisonment.  Accordingly, the first exception of §3143(a)(1) does not apply.

More importantly, Defendant has not shown by clear and convincing evidence that he will appear for Sentencing or that he does not pose a danger to the community.  Defendant's request for bond is based on COVID-19.  According to Defendant, he no longer poses a flight risk because the presence of COVID-19 ensures he will prioritize his health over any incentive to flee. (*See generally*, Doc. 22, PageID: 169).  Defendant claims he has a prior medical condition (no spleen) that puts him "at-risk" should he contract the virus.  If released, Defendant can stay with his mother under electronic monitoring.  (*Id.*).

COVID-19 has little impact on Defendant's flight risk or danger to the community.  The Magistrate Judge found "that the government has met its burden to establish by a preponderance of the evidence that there is a substantial risk of failure to appear that cannot be managed by bond conditions." (Doc. 10, PageID: 96).  The Magistrate Judge based this finding in part on Defendant's failures to "appear for sentencing in cases" where Defendant "would have been aware of an obligation to appear." (*Id.* at PageID: 95).

However, in a conclusory fashion, Defendant claims that the presence of COVID-19 motivates him "to follow the rules because he knows the risks to his health by being incarcerated and that any mishap on bond could negatively effect his sentencing." (Doc. 22, PageID: 169).  While the presence of COVID-19 and Defendant's preexisting medical condition may constitute some evidence as to Defendant's risk of flight, these facts do not "clearly convince" this Court that Defendant will appear for his scheduled Sentencing date.  Furthermore, Defendant ignores the current precautions that authorities are taking to limit the spread of COVID-19 in jail facility. (*See* Doc. 23, 236-40).  In fact, prison officials have reported that the virus has not spread among any inmates at the facility where Defendant is currently detained.[1]

Finally, Defendant has not carried his burden in demonstrating his lack of danger to the community.  Rather, Defendant relies on the Magistrate Judge's finding "that the government has [not] met its burden to show that there are no bond conditions that could protect the community" by clear and convincing evidence. (Doc. 10, PageID: 96).  But this reliance is misplaced.  It is now Defendant's burden to show by clear and convincing evidence that he is not a threat to the community.  Defendant has not satisfied this burden.  Defendant pleaded guilty to

---

[1] As of April 28, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19.  (https://drc.ohio.gov/Portals/0/DRC%20COVID-19%20Information%2004-28-2020%201500%20%281%29.pdf) (last accessed Apr. 29, 2020).  The institution is in lockdown, as a precautionary measure due to the three positive tests of the facility's staff.

- 4 -

the unlawful possession of a firearm.  He has a lengthy criminal record for a young man, which

includes both drug trafficking and drug abuse.  He has previous convictions related to the

unlawful possession of firearms.  He is affiliated with a Cleveland gang.  His prior medical

condition is a result of a gunshot wound.  Whether Defendant possesses the firearms himself or

on the receiving end of one, he remains a danger to the community.  Again, Defendant has not

clearly convinced this Court otherwise.

The Court recognizes Defendant's concerns due to COVID-19.  But Defendant is subject

to detention because he has not satisfied either exception under § 3143(a)(1).  Therefore,

Defendant's Motion fails.

### III. CONCLUSION

Accordingly, Defendant's Motion (Doc. 22) is **DENIED**.

**IT IS SO ORDERED.**

 **s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: April 29, 2020**